IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00885-CMA-SKC

TODD ROMERO,

    Plaintiff,

v.

ALTITUDE SPORTS & ENTERTAINMENT, LLC, and
KROENKE SPORTS & ENTERTAINMENT, LLC,

    Defendants.

## ORDER AFFIRMING RULING OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants' Objection to Magistrate Judge's Ruling on "Attorneys' Eyes Only" Designation of Non-Party Compensation Information (Doc. # 36). Defendants object to the December 14, 2021 Order of United States Magistrate Judge S. Kato Crews (Doc. # 33), wherein Judge Crews ruled that compensation information subject to disclosure in this case shall be designated as Confidential, as opposed to Attorneys' Eyes Only ("AEO"). For the following reasons, the Court overrules Defendants' Objection and affirms the ruling of Judge Crews.

### I.    BACKGROUND

Plaintiff Todd Romero brings this employment discrimination case against Defendants Altitude Sports & Entertainment, LLC and Kroenke Sports & Entertainment, which jointly hired Plaintiff in 2012 as an on-air sports host and reporter. (Doc. # 1 at ¶

5.) Plaintiff asserts that he is the only Hispanic on-air talent and one of only two persons of color out of 17 on-air personalities employed by Defendants. (*Id.* at ¶ 9.) He alleges that after he sought treatment for an addiction to prescription medication in 2016 relating to a neck injury, Defendants told him that they would not renew his contract or give him a raise. (*Id.* at ¶¶ 18, 30.)  Plaintiff asserts that his contract was not renewed in 2018 and instead changed to "at-will employment" even though most of the on-air talent remained under contract. (*Id.* at ¶¶ 62–63.) Further, Plaintiff alleges that Defendants gave him fewer and less favorable assignments and paid him less than on-air talent who were non-Hispanic, non-brown-skin-colored and/or non-disabled/regarded as disabled. (*Id.* at ¶¶ 67–68.)

       Plaintiff initiated this action on March 26, 2021. (*Id.*) In his Complaint, Plaintiff brings claims of discrimination based on his age (56), race/national origin (Hispanic), and disability (addiction and neck pain). *See generally* (*id.*) Plaintiff also asserts claims of retaliation, violations of the Equal Pay Act, and breach of contract. (*Id.*)

       The instant discovery dispute is related to Plaintiff's request for disclosure of the compensation paid to other on-air talent employed by Defendants and the identities of other employees who have sought treatment for substance abuse. *See* (Doc. # 33 at 2.) On October 1, 2021, the parties filed a Joint Status Report (Doc. # 25) explaining that although they agreed a protective order is necessary for the requested information, they disputed whether that protective order should contain an AEO provision. In his December 14, 2021 Order, Judge Crews ruled that any relevant medical information should have an AEO designation, but he found that Defendants failed to meet their

burden of establishing that AEO protection was warranted for relevant non-party compensation information. (Doc. # 33 at 4–6.) Further, Judge Crews observed that "co-worker pay compared to Plaintiff's pay 'is at the heart of the controversy'" and that there is generally nothing confidential about salary information between co-workers. (*Id.*) (quoting *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980)). Accordingly, Judge Crews ordered that compensation information should be designated as "confidential" rather than AEO. (*Id.* at 7.)

Defendants filed their Objection on December 27, 2021, requesting that this Court overrule Judge Crews's Order and permit Defendants to designate non-party compensation information as AEO. *See generally* (Doc. # 36.) Plaintiff filed a Response (Doc. # 37) arguing that Judge Crews's ruling should be affirmed.

## II.   LEGAL STANDARDS

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

### III.  ANALYSIS

Defendants object that AEO protection of non-party employee compensation information is warranted in this case because the information "is confidential, competitively sensitive, and may be legally protectible as a trade secret." (Doc. # 36 at 4.) In support, Defendants cite to several decisions from courts that have determined that an AEO designation was appropriate for certain salary and compensation structure information. (*Id.* at 4–5.) Defendants further argue that Judge Crews's Order is "legally erroneous" because it "relies upon cases that are not only inapposite, but that do not prohibit the relief sought by Defendants." (*Id.* at 7.) In response, Plaintiff argues that Defendants fail to identify any clear error or abuse of discretion in Judge Crews's decision and still do not meet their burden of establishing good cause for an AEO designation. (Doc. # 37 at 4, 8.)

Federal Rule of Civil Procedure 26(c) provides that a court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking to subject information to additional protection bears the burden of establishing good cause. *Carrio Cabling Corp. v. Stryker Corp.*, No. 19-cv-01937-RM-KMT, 2021 WL 2650132, at *1 (D. Colo. June 28, 2021). "To meet this burden, the moving party must set forth specific facts showing good cause, not simply conclusory statements." *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). In determining the proper level of protection, the Court "must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure." *In re Michael Wilson & Partners, Ltd.*, No.

4

06-cv-02575-MSK-KLM (MEH), 2007 WL 3268475, at *2 (D. Colo. Oct. 30, 2007) (citing *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981)).

Defendants first contend that Judge Crews's ruling should be overturned because "sensitive and confidential non-party compensation information should receive AEO protection." (Doc. # 36 at 4.) In so arguing, Defendants appear to simply disagree with Judge Crews and ask this Court to look to the decisions of courts that found that AEO protection "may be warranted" for compensation information in certain circumstances. (*Id.*) Having reviewed the briefing, the applicable law, and the Order, this Court finds that Judge Crews appropriately determined that Defendants had not met their burden of showing good cause for AEO protection. Further, Judge Crews properly "balance[d] the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure." *In re Michael Wilson & Partners, Ltd.*, 2007 WL 3268475, at *2. Defendants point to no authority **requiring** AEO protection for compensation information, and the Court agrees with Judge Crews that Defendants have not established that the relevant compensation information is "akin to a trade secret" or otherwise confidential and sensitive such that disclosure will harm Defendants' competitive interests. Accordingly, the Court finds no clear error or abuse of discretion in Judge Crews's conclusion that "a 'confidential' designation is sufficient to protect Defendants' interests and the interests of these non-parties" with respect to the compensation information in this case. (Doc. # 33 at 6–7.) Defendants' objection is therefore overruled.

Next, Defendants object that Judge Crews's Order "relies upon cases that are not only inapposite, but that do not prohibit the relief sought by Defendants." (Doc. # 36 at 7.) Specifically, Defendants take issue with Judge Crews's observation that "[b]oth federal law and Colorado state law demonstrate there is nothing confidential about salary and compensation information, at a minimum, as between coworkers" and his citations to relevant authority supporting that proposition. Defendants' argument is a non-sequitur. Rather than contending that Judge Crews applied the incorrect standard or made an error of law, Defendants take issue with Judge Crews's lack of citation to a case **prohibiting** AEO protection of compensation information. Judge Crews was not required to find such authority; he was required to balance the interests of the parties and determine the proper level of protection required based on the particular circumstances of this case. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. . . . The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery."). Further, the Court sees no legal error in Judge Crews taking notice of authority demonstrating that salary information between coworkers is generally not confidential. Because Judge Crews applied the correct legal standard in determining that Defendants failed to establish that compensation information is equivalent to confidential or sensitive commercial information or trade secrets warranting AEO protection, the Court overrules Defendants' objection.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendants' Objection to Magistrate Judge's Ruling on "Attorneys' Eyes Only" Designation of Non-Party Compensation Information (Doc. # 36) is OVERRULED.

DATED: April 5, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge