IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00885-CMA-SKC

TODD ROMERO,

    Plaintiff,

v.

ALTITUDE SPORTS & ENTERTAINMENT, LLC, and
KROENKE SPORTS & ENTERTAINMENT, LLC,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S FIRST MOTION TO SUPPLEMENT COMPLAINT AND DENYING PLAINTIFF'S SECOND MOTION TO SUPPLEMENT COMPLAINT**

---

This matter is before the Court on Plaintiff Todd Romero's Motion for Leave to Supplement Complaint Pursuant to Fed. R. Civ. P. 15(d) ("First Motion to Supplement") (Doc. # 43) and Plaintiff's Motion for Leave to Supplement First Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d) ("Second Motion to Supplement") (Doc. # 55). Defendants oppose both motions. For the following reasons, the Court grants Plaintiff's First Motion to Supplement and denies the Second Motion to Supplement.

## I.    BACKGROUND

This is an employment discrimination case brought by Plaintiff Todd Romero against Defendants Altitude Sports & Entertainment, LLC and Kroenke Sports & Entertainment, LLC, which jointly hired Plaintiff in 2012 as an on-air sports host and reporter. (Doc. # 1 at ¶ 5.) In his Complaint filed on March 26, 2021, Plaintiff asserts

nine claims for relief, including discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"); discrimination on the basis of race and national origin and retaliation in violation of Title VII; discrimination on the basis of race, color, and national origin and retaliation in violation of 42 U.S.C. § 1981; discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); and breach of contract. *See generally* (Doc. # 1.) He requests compensatory damages, backpay, punitive and exemplary damages, and attorney's fees. (*Id.* at 34.)

The deadline to amend pleadings in this case was July 13, 2021. (Doc. # 21 at 14.) Plaintiff filed his First Motion to Supplement on February 22, 2022. (Doc. # 43.) Defendants filed a Response opposing the motion on several grounds (Doc. # 46), and Plaintiff followed with his Reply (Doc. # 47). Several months later, on August 4, 2022, Plaintiff filed his Second Motion to Supplement (Doc. # 55), before the Court ruled on his pending First Motion to Supplement. Defendants timely filed their Response. (Doc. # 60.) The Court now exercises its discretion under D.C.COLO.LCivR 7.1(d) to rule on the Second Motion to Supplement without awaiting the benefit of a Reply.

## II.   LEGAL STANDARD

Because the deadline to amend pleadings has long passed, this Court must engage in a two-step analysis to determine whether supplementing the Complaint at this juncture is proper under both Rule 16(b)(4) and Rule 15 of the Federal Rules of Civil Procedure. Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). Rule 16's good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* Rather than focusing on the bad faith of the movant or prejudice to the opposing party, Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

At step two, the Court turns to the requirements of Rule 15(d), which provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court has "broad discretion" when deciding whether to permit a party to serve a supplemental pleading. *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). The standard of review for permitting supplementation under Rule 15(d) is the same as that under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). The party contesting the motion to amend has the burden of

proving that the amendment should be refused on one of these bases. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

### III. DISCUSSION

#### A. FIRST MOTION TO SUPPLEMENT

In his First Motion to Supplement, Plaintiff alleges that "Defendants have continued their discriminatory and retaliatory actions against [him], which have escalated and caused [him] further severe emotional distress and lasting damage to his reputation among the public and those in the industry." (Doc. # 43 at 2.) He seeks to add prayers for injunctive relief and allegations detailing further events that have happened since he filed his Complaint in support of his request for injunctive relief. (*Id.* at 3.) For example, Plaintiff alleges that he has been entirely excluded from hosting duties for Nuggets and Avalanche games for the 2021-2022 seasons, including by Defendants refusing to assign him to fill in when other on-air hosts were sick or otherwise needed coverage. (Doc. # 43-1 at ¶¶ 115–20.) He further alleges that Defendants have assigned Plaintiff to host a low-profile sports betting show with much lower television ratings as pretext for discriminatory/retaliatory reasons for permanently removing Plaintiff from NBA and NHL hosting duties. (*Id.*) Plaintiff seeks to add prayers for injunctive relief restoring him to his previous position, or awarding front pay in lieu of reinstatement, and prohibiting Defendants from violating Title VII, the ADA, the ADEA, and any of Plaintiff's other constitutional rights. (*Id.* at 37–38.)

Plaintiff asserts that good cause exists to permit him to supplement the Complaint because "[t]he Supplemental Complaint does not involve different issues but

4

describes the continuation of events that have occurred since filing the Complaint." (Doc. # 43 at 4.) He also argues that there is no prejudice to Defendants because, as of the date he filed his First Motion to Supplement in February 2022, discovery had barely begun, no documents had been exchanged, and no depositions had been taken. (*Id.* at 4–5.) Defendants raise several arguments against the First Motion to Supplement, including failure to show good cause, undue delay, and prejudice.

"[T]he good cause standard requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a)." *Garcia v. Dillon Companies, Inc.*, No. 05-cv-02339-MSK-MEH, 2008 WL 4509821, at *4 (D. Colo. Oct. 1, 2008) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). Accordingly, the Court will focus its inquiry on timeliness and prejudice.

1. Undue Delay

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). Delay is undue "when the party filing the motion has no adequate explanation for the delay" or "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). In the Tenth Circuit, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315.

Defendants assert that the motion is untimely and that Plaintiff unduly delayed in seeking leave to supplement. (Doc. # 46 at 3–4.) Further, Defendants argue that Plaintiff knew about both his removal from hosting duties for the 2021-2022 NBA and NHL seasons and his assignment hosting the gaming show well before February 2022 because hosting schedules were published prior to the start of NBA and NHL seasons in October 2021. (*Id.* at 5.) The Court agrees with Defendants that the First Motion to Supplement is untimely in that Plaintiff filed it approximately six months after the deadline to file an amended pleading. However, Plaintiff demonstrated good cause for the delay in that the new alleged events happened—and continued to happen—during the time period between the amendment deadline and Plaintiff's First Motion to Supplement. Moreover, Plaintiff asserts that he did not know and could not have known that he would be *permanently* removed from hosting duties (in that he would be excluded from filling in for unavailable hosts for Nuggets and Avalanche games) until after the seasons began. (Doc. # 47 at 3–4.) For example, Plaintiff identifies several instances in December 2021 and January and February 2022 when on-air hosts were sick or on vacation and unable to host Nuggets or Avalanche games, but Defendants refused to allow Plaintiff to fill in as host. (*Id.*) Under these circumstances, the Court finds that Plaintiff has adequately explained his delay in filing the First Motion to Supplement and that such delay was not "undue."

  2. <u>Prejudice</u>

Prejudice occurs when an amendment unfairly affects the opposing party "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208. This

happens most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Defendants argue that the Plaintiff's allegations concerning a sports betting show and two new Avalanche and Nuggets seasons "will require new evidence and likely new witnesses." (Doc. # 46 at 6.) However, Defendants also concede that Plaintiff "may still assert at trial" the new allegations in the Supplemental Complaint "as further support for his claims as pled in his original Complaint." (*Id.* at 6–7.) As such, Plaintiff points out that Defendants would have to expend resources defending the allegations regardless. (Doc. # 47 at 6.) Plaintiff further argues that there is no prejudice because, as of February 2022, discovery had "barely begun," no documents had been exchanged, and no depositions had been taken. (Doc. # 43 at 5.) The Court agrees with Plaintiff that, given the early stage of discovery proceedings and the fact that Plaintiff's new allegations supporting injunctive relief are substantially similar to those already in the Complaint, Defendants would not be prejudiced by the Supplemental Complaint. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no prejudice where the amended claims "track[ed] the factual situations set forth" in the original claims).

For the foregoing reasons, the Court finds that Plaintiff has adequately demonstrated good cause for modifying the scheduling order and that the First Motion to Supplement will not unduly prejudice Defendants. The Court therefore grants Plaintiff's First Motion to Supplement (Doc. # 43.)

### B.     SECOND MOTION TO SUPPLEMENT

In his Second Motion to Supplement, filed on August 4, 2022, Plaintiff seeks to add factual allegations learned from the June 24, 2022 deposition of Defendants' former Executive Producer, Kenny Miller. (Doc. # 55 at 3.) These allegations include: (1) on the advice of Defendants' in-house legal counsel, Defendants refused to offer Plaintiff an employment contract because he filed charges of discrimination and the pending lawsuit; (2) Defendants' legal counsel instructed Defendants to offer employment contracts to all other similarly situated on-air talent; (3) Defendants have denied salary raises to Plaintiff since 2019 because he filed charges of discrimination and this lawsuit, even though other on-air talent have received annual raises of at least three percent; and (4) for the past six years or more, Defendants have paid Plaintiff a salary between two and two-and-a-half time less per year than other on-air talent. *See* (Doc. # 55-1 at ¶¶ 121–26.) Plaintiff does not attempt to add any new claims or prayers for relief; rather, he states that "[t]hese additional allegations further bolster the claims alleged and the relief requested." (Doc. # 55 at 2.) Defendants oppose the Second Motion to Supplement on grounds of undue delay, undue prejudice, bad faith or dilatory motive, and futility. (Doc. # 60 at 4.)

As an initial matter, the Court notes that Plaintiff's Second Motion to Supplement (Doc. # 55) arises under significantly changed circumstances. Plaintiff filed his Second Motion to Supplement on August 4, 2022—more than 13 months after the deadline to amend the pleadings and after the discovery deadline in this case had technically

8

passed.[1] It is well-settled that untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay. *See Duncan*, 397 F.3d at 1315.

Plaintiff argues that the fact that he learned new information through discovery establishes good cause to amend the scheduling order. (Doc. # 55 at 5–6.) It is true that good cause may be demonstrated when "a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend." *Pumpco*, 204 F.R.D. at 668–69. However, Plaintiff does not seek to assert a new *claim* in his Second Motion to Supplement on the basis of purportedly newly learned information; he seeks only to add additional factual allegations to "bolster" his existing claims and prayers for relief. The Court agrees with Defendants that the purposes of Rule 15 and Rule 16 would be undermined were a plaintiff granted leave to update his complaint each time the plaintiff learned facts supporting his allegations in discovery. *See Baker*, 65 F. App'x at 236 (affirming the district court's denial of a motion to supplement the complaint on the basis that "the case would never be resolved if plaintiff is permitted to continuously 'update' his claims" (quotation marks omitted)).

Moreover, Defendants argue that Plaintiff knew information to assert these allegations well before Mr. Miller's deposition because Plaintiff knew at the time of the amendment deadline that he had not been offered a new contract or received a pay increase since he filed his charges in 2020 and his lawsuit in March 2021. (Doc. # 60 at

---

[1] There is currently a Joint Motion to Amend Scheduling Order (Doc. # 52) pending, which this Court referred to Magistrate Judge S. Kato Crews on May 16, 2022 (Doc. # 53). Therein, the parties request to extend the discovery cut off to September 16, 2022. (Doc. # 52 at 2.)

7.) To the extent Plaintiff seeks to assert allegations that the decision not to renew his contract was in retaliation for filing charges of discrimination or this lawsuit, Defendants argue that such allegations are brought in bad faith and with dilatory motive because they contradict Plaintiff's original pleadings. *See Genberg v. Porter*, No. 11-cv-02434-WYD-MEH, 2012 WL 1279936, at *2 (D. Colo. Apr. 13, 2012) ("[B]ad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled . . . ."). Defendants argue that in the original Complaint, Plaintiff alleged that the decision not to renew his contract was communicated to Plaintiff in 2018, well before Plaintiff filed his charges of discrimination in January and September 2020 and his original Complaint in March 2021. (Doc. # 60 at 9.) Accordingly, Defendants contend that any allegation that the decision not to renew Plaintiff's contract was in retaliation for filing charges of discrimination or this lawsuit contradicts the allegations set forth in the original Complaint. (*Id.*) Moreover, Defendant assert that any new allegations related to Plaintiff's pay are duplicative because Plaintiff already alleged in his original Complaint that "[f]or years, Altitude/Kroenke paid Romero less than this non-Hispanic, non-brown-skin-colored peers." *See* (Doc. # 1 at 1.)

The Court agrees with Defendants that Plaintiff's attempt to assert additional factual allegations to "bolster" his existing claims is untimely and that the allegations are either duplicative of or in tension with the allegations in the existing complaint. More so, the Court is mindful of the important role the scheduling order plays in the Court's management of its docket and the efficient administration of justice. *See, e.g., Rent-a-*

10

*Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("Scheduling orders in general, and deadlines for amendment specifically, are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed."). "There is no absolute right to repeatedly amend a complaint," and in exercising its discretion under Rule 15(d), the Court "will be guided by considerations of efficiency." *Squires, ex rel. Squires v. Goodwin*, No. 10-cv-00309-CBS, 2012 WL 37508, at *7 (D. Colo. Jan. 9, 2012); *see also Centra, Inc. v. Chandler Ins. Co., Ltd.*, 229 F.3d 1162, at *11 (10th Cir. 2000) ("[W]ith the passage of time and acceptance of multiple earlier amendments, a point is reached when the party seeking to amend must justify that request by more than invocation of the concept of Fed. R. Civ. P. 15(a)'s liberality." (quoting *Te-Moak Bands of W. Shoshone Indians v. United States*, 948 F.2d 1258, 1263 (Fed. Cir. 1991))) (table decision).

For these reasons, the Court finds that Plaintiff's Second Motion to Supplement is untimely and that Plaintiff has not established good cause for amending the scheduling order to permit further supplementation.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's first Motion for Leave to Supplement Complaint Pursuant to Fed. R. Civ. P. 15(d) (Doc. # 43) is GRANTED; and

- Plaintiff's second Motion for Leave to Supplement First Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d) (Doc. # 55) is DENIED.

- Plaintiff shall file a clean version of the First Supplemental Complaint within seven (7) days of the date of this Order.

DATED:  August 30, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge