IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-00885-CMA-SKC

TODD ROMERO,

    Plaintiff,

ALTITUDE SPORTS & ENTERTAINMENT, LLC, and
KROENKE SPORTS & ENTERTAINMENT, LLC,

    Defendants.

---

**DEFENDANTS' UNOPPOSED MOTION FOR LEVEL 1 RESTRICTED ACCESS TO ECF NOS. 92 THROUGH 92-11**

---

Pursuant to D.C.COLO.LCivR 7.2, Defendants Altitude Sports & Entertainment, LLC ("Altitude") and Kroenke Sports & Entertainment, LLC ("KSE") (collectively, "Defendants"), by and through their undersigned counsel, respectfully request that the Court restrict access to ECF Nos. 92 through 92-11, which concern confidential, competitively sensitive, and legally protectible information, including (i) personnel and health information regarding certain current and former employees who are not parties to this litigation, (ii) Plaintiff's health information and medical records, and (iii) Defendants' business strategies and decision-making. In support of their Motion, Defendants state as follows:

**I.     CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Defendants conferred with counsel for Plaintiff regarding this Motion. Plaintiff does not oppose the relief requested

at this time, but reserves his right to challenge certain confidentiality designations made by Defendants after the Court rules on Defendants' Motion to Designate Deposition Testimony as Confidential ("Motion to Designate") (ECF #57).

II. **MOTION**

A. **ECF Nos. 92 through 92-11 Contain Confidential, Competitively Sensitive, and Legally Protectible Information.**

1. On May 31, 2023, Defendants timely filed their Motion for Summary Judgment ("MSJ").

2. Because parts of the MSJ, including certain exhibits, discuss (i) personnel information regarding Defendants' current and former employees, (ii) health and medical information regarding Plaintiff and individuals who are not parties to this litigation, and (iii) Defendants' business strategies, all of which are confidential, competitively sensitive, and legally protectible, Defendants filed two versions of the MSJ: (1) a redacted version [ECF #91], which was filed publicly, and (2) an unredacted version [ECF #92], which was filed as Level 1 Restricted Access. *See* ECF #34 (recognizing these categories of information as confidential and deserving of protection).

3. In addition, Defendants filed exhibits to the MSJ that concern the same confidential, competitively sensitive, and legally protectible information as Level 1 Restricted Access. *See* ECF #92-1 through #92-11.

4. ECF #92-1 and #92-2 (i.e. MSJ Exhibits B and C) are excerpts from Plaintiff's deposition transcript and excerpts from Defendants' witness Ken Miller's deposition transcript. The excerpts contain discussions of (i) the terms and conditions of other on-air talent's employment, including but not limited to compensation, when certain

2

talent contracts are set to expire, whether certain talent have received decreases in compensation, etc., (ii) private health information concerning current and former employees, (iii) confidential business strategies and decision-making related to talent retention, changes to talent compensation, the carriage dispute, talent assignment, etc. and (iv) confidential complaints regarding Plaintiff that are sensitive in nature and were submitted to Defendants in confidence.

5.  ECF #92-3 through #92-10 (i.e. MSJ Exhibits G, Q, R, S, U, V, W, & X) are the contracts between Defendants and current and former on-air talent who are not parties to this litigation.

6.  ECF #92-11 (i.e. MSJ Exhibit AA) are Plaintiff's medical records concerning his substance abuse disorder and rehabilitation treatment.

**B.  Nos. 92 through 92-11 Should Retain Level 1 Restriction As The Public's Right To Access Is Outweighed By Interests Favoring Non-Disclosure.**

7.  Although "[t]here is a presumption that judicial proceedings are public…documents may be restricted when the public's right of access is outweighed by interests which favor non-disclosure." *Loxo Oncology, Inc. v. Array Biopharma Inc.*, No. 18-CV-03062-PAB-MEH, 2019 WL 5425040, at *1 (D. Colo. Oct. 23, 2019), quoting *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, Nos. 08–1331, 08–2137, 2010 WL 2710566, at *3 (D.N.J. July 7, 2010) and citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

Here, Plaintiff's privacy rights as well as the privacy rights of individuals who are not parties to this litigation outweigh the presumption of public access to confidential

3

personnel information, including that concerning medical and health information and the terms and conditions of non-parties' employment with Defendants. *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124 (10th Cir. 2011) (holding appellant satisfied his burden of articulating a real and substantial interest that justified depriving the public of access to an appendix containing "medical records and other documents containing personal health information") (internal quotation omitted)*; Lucero v. Sandia Corp.,* 495 F. App'x 903, 913 (10th Cir. 2012) (sealing documents containing confidential information regarding employer's personnel and business practices concerning non-party employees); *McCracken v. Verisma Sys., Inc.,* No. 6:14-CV-06248(MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) ("Finally, with regard to the University of Rochester employee compensation information, the Court concludes that the privacy interests of the employees, who are not parties to this action, outweigh the presumption of public access to court documents. These materials will be filed under seal.").

8.  Specifically, the privacy rights of Plaintiff and non-parties could be harmed by the disclosure of confidential personnel information as well as sensitive health information.  Further, the disclosure of confidential personnel information, including that concerning compensation, who is under contract with Defendants, the terms of those contracts, etc., could incite conflict amongst Defendants' current on-air talent who may not otherwise know the terms and conditions of their colleagues' employment. *See Nixon, v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978) (identifying factors when balancing

4

the interest in sealing documents and the public's interest in access, including whether the records are sought for improper purposes).

9. In contrast, the public has no need to access that information and access would not enhance any public understanding of the issues presented in this case. Defendants have sufficiently addressed Plaintiff's allegations regarding his substance abuse as well as those concerning the terms and conditions of his employment in comparison to his younger, non-Hispanic, non-brown-skin-colored, and non-disabled or regarded as disabled peers in the publicly filed redacted version of their MSJ [ECF #91], without unnecessarily invading any privacy rights.

10. Similarly, the potential competitive harm that may result from the public disclosure of information concerning confidential business strategies and decision-making related to talent retention, changes to talent compensation, the carriage dispute, talent assignment, etc., also outweighs the presumption of public access. *See Nixon,* 435 U.S. at 598 (noting that "courts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing"); *SBM Site Services, LLC v. Garrett*, No. 10–cv–00385–WJM–BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing."); *Houserman v. Comtech TeleCommunications Corp.,* No. 2:19-CV-00644-RAJ, 2021 WL 54766, at *4 (W.D. Wash. Jan. 6, 2021) ("Courts have held that information about compensation structures and incentive programs that are not publicly available may be filed under seal because the likelihood of an improper use by competitors provides a compelling reason

5

to do so…The Court finds that such confidential business information could be used by competitors to undermine Comtech's ability to hire or retain senior-level executives. This risk of harm provides a compelling reason to keep the information under seal.") (internal citations and quotations omitted); *United States Sec. & Exch. Comm'n v. Ahmed,* No. 3:15CV675 (JBA), 2018 WL 4266079, at *3–4 (D. Conn. Sept. 6, 2018) (ordering portions of a deposition transcript and an exhibit to a declaration discussing confidential information regarding the calculation and components of the defendant's compensation be sealed as "the only effective means of ensuring their confidentiality"); *In re High-Tech Emp. Antitrust Litig.,* No. 11-CV-02509-LHK, 2013 WL 5486230, at *3 (N.D. Cal. Sept. 30, 2013) (granting motion to maintain certain documents under seal because they contained information regarding defendants' compensation and recruiting strategies, the disclosure of which could cause defendants' competitive harm and would invade privacy interests of non-parties); *Randolph v. ADT Sec. Servs., Inc.*, Civil Action No. DKC 09-1790, 2011 WL 3476898, at *11 (D. Md. Aug. 8, 2011) (ordering the sealing of "documents relat[ing] to private business information held by ADT, including pay structures and other matters").

11. Specifically, should that information be publicly disclosed, competitors looking to poach Defendants' on-air talent and talent looking to negotiate new terms and conditions of employment would have unfair advantages. In contrast, the public has no need for such sensitive and confidential information concerning confidential business strategies and decision-making, and access to that information would not enhance any public understanding of the issues presented. Defendants have sufficiently addressed the legitimate, non-discriminatory, and non-retaliatory decisions about which Plaintiff

6

complains in the publicly filed redacted version of their MSJ [ECF #91], without unnecessarily jeopardizing their own competitive standing, or inciting conflict.

12.     Notably, this Court previously agreed that the same and similar information regarding confidential, competitively sensitive, and legally protectible information contained in Plaintiff's Motion for Leave to Supplement his First Supplemental Complaint [#55] and Plaintiff's Second Supplemental Complaint [#55-1] warranted protection from public disclosure and granted Defendants' Motion for Leave to Restrict. *See* ECF #67.

13.     For these reasons, Defendants respectfully request that the Court restrict ECF Nos. 92 through 92-11 from public access on a "Level 1" basis.

WHEREFORE, Defendants respectfully request an Order from the Court granting Defendants' Unopposed Motion for Level 1 Restricted Access to ECF Nos. 92 through 92-11 and for all other and further relief that the Court deems just and proper.

Respectfully submitted this 14th day of June, 2023.

/s/ Joshua B. Kirkpatrick
Joshua B. Kirkpatrick
Carolyn B. Theis
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: jkirkpatrick@littler.com
         catheis@littler.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 14th day of June, 2023 I filed and served the foregoing **DEFENDANTS' UNOPPOSED MOTION FOR LEVEL 1 RESTRICTED ACCESS TO ECF NOS. 92 THROUGH 92-11** via CM/ECF on the following:

Stacey A. Campbell
Robert M. Thomas
Campbell Litigation, P.C.
1410 North High Street
Denver, CO 80218
Phone 303-536-1833
stacey@campbell-litigation.com
robert@campbell-litigation.com

*Attorney for Plaintiff*

                                                  *s/ Joanna Fox*
                                                  Joanna Fox, Legal Secretary

4856-8932-7722.1 / 118836-1005